**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELAINE MICKMAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA PROFESSIONAL COLLECTIONS, INC. and WHITE AND WILLIAMS, LLP** | : | **NO. 21-4221** |

## MEMORANDUM OPINION

**Savage, J.** **December 22, 2022**

After plaintiff Elaine Mickman did not pay defendant White & Williams, LLP's ("W & W") legal fees, W & W assigned the debt to defendant Philadelphia Professional Collections, Inc. ("PPC"). PPC brought suit in the Pennsylvania Court of Common Pleas to collect the debt. A jury found in favor of PPC, resulting in a judgment against Mickman.

Mickman, acting *pro se*, brought this action accusing the defendants of a conspiracy to collect a fraudulent debt. The crux of her claim is that because the debt was "too old," it was invalid and the collection lawsuit was illegal.[1] She also asserts they "perpetuated fraud" in the state court case that resulted in the judgment against her.[2]

Accepting the facts in the third amended complaint as true and drawing all reasonable inferences from them in Mickman's favor, we conclude that her claims are time-barred and she fails to state plausible claims for relief. Additionally, she is collaterally estopped from arguing that the debt was fraudulent. Therefore, we shall dismiss her third amended complaint.

---

[1] Am. Compl. at 2, "Introduction," ¶ 37, ECF No. 34 ["Third Am. Compl."].

[2] *Id.* at 2, "Introduction," ¶ 21.

## The Third Amended Complaint

Mickman sued PPC and W & W for violations of the Fair Debt Collection Practices Act (FDCPA) on September 23, 2021 and filed an amended complaint the following day solely to affix a waiver of service request. She amended her complaint a second time on October 13, 2021, adding causes of action for fraud and a violation of her civil rights.

In her second amended complaint, Mickman alleged that the defendants engaged in deceptive debt collection practices, deprived her of her constitutional rights during the underlying debt collection litigation, and committed fraud. We dismissed the FDCPA claim with prejudice because it was barred by the statute of limitations, and dismissed her Section 1983 claim because the defendants are not state actors. Her fraud claims were dismissed without prejudice for lack of particularity.

Although we allowed her to amend only to supplement her factual allegations to support her fraud claim, Mickman now adds five causes of action: Count I, Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); Count II, Mail Fraud, 18 U.S.C. § 1341; Count III, Scheme or Artifice to Defraud, 18 U.S.C. § 1346; Count IV, Attempt and Conspiracy, 18 U.S.C. § 1349 and 42 U.S.C. § 1985; and Count V, The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c)). Her allegations,[3] as we can discern, are summarized as follows: W & W used PPC to sue her for false, inflated, and time-barred debt; [4] PPC used the mail system to sue her for a time-

[3] A *pro se* plaintiff's pleadings must be considered deferentially, affording her the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

[4] Third Am. Compl. ¶ 10.

barred debt;[5] and W & W and PPC misrepresented their relationship and the nature of the lawsuit in state court to "flout the law."[6]

Moving to dismiss, the defendants argue that the UTPCPL, § 1985, and Civil RICO claims are time-barred.[7] Alternatively, they contend Mickman has not alleged facts stating any cause of action. They also maintain that the mail fraud statute does not provide a private civil action.[8]

**Standard of Review**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding

---

[5] *Id.* ¶¶ 10, 11, 37.

[6] *Id.* ¶ 20.

[7] Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. at 3, 6, 7, ECF No. 38 ["Defs.' Mot. to Dismiss"].

[8] *Id.* at 5–6.

legal conclusions. Then, we determine whether the alleged facts make out a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

## Analysis

*No Private Cause of Action for 18 USC §§ 1341, 1346, 1349*

In Counts II, III and IV, Mickman asserts that defendants committed fraud in violation of criminal statutes, specifically 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1346 (Scheme and Artifice to Defraud), and 18 U.S.C. § 1349 (Attempt and Conspiracy).[9] A plaintiff may not sue for violations of a federal statute unless the enabling statute creates a private cause of action. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The statutes upon which Mickman relies do not provide private causes of action. *Thompson v. Michels*, 574 Fed. App'x 196, 197 (3d Cir. 2014). Thus, Counts II, III, and IV will be dismissed with prejudice.

[9] Third Am. Compl. at 12, "Fraud Counts."

*Statute of Limitations*

A statute of limitations is an affirmative defense that ordinarily must be pled in a responsive pleading. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing Fed. R. Civ. P. 8(c)(1)). Nevertheless, where the expiration of the limitations period appears on the face of the complaint, a statute of limitations defense may be raised in a Rule 12(b)(6) motion. *Id.* (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

It is apparent from a reading of the third amended complaint that the UTPCPL, § 1985, and RICO claims are time-barred. The statute of limitations for a UTPCPL cause of action is six years. 42 Pa.C.S.A. § 5527(b); *Morse v. Fisher Asset Mgmt., LLC*, 206 A.3d 521, 526 (Pa. Super. 2019). Mickman's UTPCPL cause of action accrued in June 2015, when she was served the complaint in the debt collection lawsuit.[10] She filed this action on August 26, 2022, seven years later.

A § 1985 federal civil rights claim is subject to the state statute of limitations for personal injury actions in the state where the injury occurred. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In Pennsylvania, the limitations period is two years. 42 Pa. Cons. Stat. § 5524. A §1985 claim accrues when a plaintiff knew or should have known of the alleged conspiracy that harmed her. *Dique,* 603 F.3d at 189.

Mickman alleges that defendants conspired to violate her civil rights by manipulating a Pennsylvania state court judge to render a favorable ruling on a motion in

[10] Third Am. Compl. ¶ 13. Mickman denies receiving the earlier collection letter that would have triggered the statute of limitations. *Id.* ¶ 16.

limine on April 26, 2016.[11] Her original complaint was filed on September 23, 2021, more than five years after the alleged violation had occurred.[12]

Civil RICO has a four-year statute of limitations. *LabMD Inc. v. Boback*, 47 F.4th 164, 179 (3d Cir. 2022) (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156, (1987)). The limitations period begins when the plaintiff knew or should have known of the racketeering injury and the source of the injury. *Id.* at 181; *Forbes v. Eagleson*, 228 F.3d 471, 484-485 (3d Cir. 2000). If the injuries occurred outside the statute of limitations, the claim is time-barred even if she alleges that the wrongdoers committed independent, new acts. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 181 (1997). "A cause of action accrues even though the full extent of the injury is not then known or predictable." *LabMD*, 47 F.4th at 180 (quoting *Kach v. Hose*, 589 F.3d 626, 634-635(3d Cir. 2009)).

The injury Mickman alleges is that the defendants pursued collection of an invalid debt.[13] She asserts that she discovered the RICO violations in December 2018, referring to the date of her debt collection trial.[14] Assuming that her injury is the attempted collection of a fraudulent debt, Mickman knew that the defendants were pursuing the collection of the debt in June 2015 when she was served with the collection lawsuit.[15] She first raised her Civil RICO claim in her second amended complaint on October 13, 2021, more than four years after she knew of her claimed injury and the source of it.[16]

---

[11] Third Am. Compl. ¶¶ 30–33.

[12] *See* Compl., ECF No. 2.

[13] Third Am. Compl. ¶ 39.

[14] *Id.* ¶¶ 27, 29, 57.

[15] *Id.* ¶ 14.

[16] Second Am. Compl. ¶ 1, ECF No. 7.

Because the UTPCPL, § 1985 and Civil RICO claims are time-barred, we dismiss them.

*Failure to State a Claim*

Count I (UTPCPL) Failure to State a Claim

The UTPCPL is a consumer protection law that allows consumers to sue defendants for deceptive acts in trade or commerce. 73 Pa. Stat. Ann. § 201-3. Fraudulent or deceptive conduct includes conduct that "creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. Ann. § 201-2(4)(ii-iii). The UTPCPL requires a plaintiff to show that a defendant's misrepresentation caused her to suffer some loss of money or property. 73 P.S. § 201-9.2(a). She must also show that she justifiably relied on the deceptive acts. *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001).

As revealed by her own allegations, Mickman did not rely on the alleged deceptive conduct. On the contrary, she was not deceived. She did not pay the debt, but disputed it. She did not rely on any representation that she owed the debt. Instead, she challenged the indebtedness in state court. Thus, she cannot satisfy the justifiable reliance element of a UTPCPL claim.

Count IV (42 U.S.C. § 1985) Failure to State a Claim

Regarding her claim under § 1985, Mickman avers that PPC and W & W conspired to violate her due process rights.[17] She contends that the defendants' illegal conduct consisted of the following: PPC filed a breach of contract suit against her and did not join W & W as a party;[18] PPC sued her for commercial debt even though she is an individual

[17] Third Am. Compl. ¶ 36.

[18] *Id.* ¶ 19.

and not a corporation;[19] PPC filed in an improper jurisdiction;[20] and PPC won a motion in limine by pleading that they were a debt collection company with no prior involvement with her.[21]

To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States. *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983)).

State action is not required to state a claim under § 1985(3). *Id.* at 135. Unlike in a § 1983 action, a plaintiff may sue private actors in a § 1985(3) action. To state a claim against private actors, Mickman must allege that they conspired to deprive her of equal protection, and that they were motivated by racial or other class-based invidiously discriminatory animus. *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Mickman does not identify, nor could she, any racial or other class-based, invidiously discriminatory animus motivating the actions of PPC and W & W. Thus, she cannot make out a § 1985 cause of action.

Count V (Civil RICO) Failure to State a Claim

Civil RICO provides a private right of action for a plaintiff who suffered a business or property injury against defendants who committed racketeering activities. 18 U.S.C. §

[19] *Id.* ¶ 22.

[20] *Id.* ¶ 24.

[21] *Id.* ¶ 26.

1962(c). There are two types of racketeering activities: (1) the collection of unlawful debt and (2) chargeable or indictable conduct of an enterprise through a pattern of racketeering activity. *Id.*; *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 147 (3d Cir. 2016).

RICO defines unlawful debt as illegal gambling debt or debt incurred in connection with a usurious money lending business. 18 U.S.C.A. § 1961(6). The other type of racketeering activity—indictable or chargeable conduct—is established by showing that defendants engaged in a pattern of predicate acts designated under § 1961(1).[22]

Mickman contends as predicate acts: mail fraud;[23] suing her for time-barred or otherwise fraudulent debt;[24] conspiring to secure judgments through fraudulent means and for illegitimate debt;[25] testifying that she did not make any effort to pay the fees, [26] deceiving a state-court judge;[27] using victim-blaming tactics to win a jury trial;[28] operating an unregulated business;[29] and proffering a sham assignment agreement as legitimate.[30]

Mickman has not pleaded facts showing either type of racketeering activity. First, the debt she complains of—stale or so-called phantom debt—is not gambling or usurious debt. It is not an unlawful debt covered by Civil RICO. Second, of the offenses she alleges as predicate acts, only mail fraud is a racketeering offense. Section 1961(1)(B) lists

---

[22] 18 U.S.C. § 1961(1) lists the indictable crimes that are considered “racketeering activity” under RICO.

[23] Third Am. Compl. ¶¶ 46, 52.

[24] *Id.* ¶¶ 10, 34.

[25] *Id.* ¶ 52.

[26] *Id.* ¶ 26.

[27] *Id.* ¶ 26.

[28] *Id.* ¶ 26.

[29] *Id.* ¶¶ 10–11.

[30] *Id.* ¶ 15.

indictable offenses that constitute predicate acts for RICO. Other than mail fraud, none of the acts Mickman refers to are listed.

Even if she had shown that defendants mailed her a complaint demanding payment of an illegal debt, this single instance does not constitute a pattern of racketeering required to state a claim under Civil RICO. Section 1961(5) provides that a "pattern of racketeering activity" requires at least two acts of racketeering activity occurring within ten years of one another. 18 U.S.C. § 1961(5). The racketeering predicates must be related and amount to or pose of threat of continued criminal activity. *U.S. v. Fattah*, 914 F.3d 112, 163 (3d Cir. 2019). One instance of mail fraud is insufficient to state a claim under Civil RICO. *See H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 237 (1989) (explaining that proof of at least two predicate acts is a necessary condition to establish a racketeering pattern); *see, e.g.*, *Kolar v. Preferred Real Estate Investments, Inc.* 361 Fed.Appx. 354, 365 (3d Cir 2010) (finding that a singular fraudulent real estate transaction was not enough to constitute a racketeering pattern); *Efron v. Embassy Suits (Puerto Rico), Inc.,* 223 F.3d 12, 21 (3d Cir. 2000) (finding that eight actionable letters and faxes were part of a single effort that did not constitute a RICO pattern); *Hughes v. Consol-Pa. Coal Co.,* 945 F.2d 594, 611 (3d Cir. 1991) (finding no racketeering pattern where defendants worked a single-scheme with a single-victim lasting one year).

Mickman's racketeering claim includes an allegation that defendants fraudulently obtained a favorable ruling on the motion in limine. She asserts that the motion in limine would not have been granted had the defendants identified the debt as "Accounts Receivable" for W & W.[31] She does not allege facts to support a conclusion that

[31] Third Am. Compl. ¶ 26.

defendants deceived the state court judge. Mickman offers nothing more than her unsupported speculation. *See Ashcroft*, 556 U.S. at 664 ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.").

The factual allegations do not make out racketeering activity. Hence, Mickman has not stated a cause of action for Civil RICO.

*Collateral Estoppel*

The defendants have not raised issue preclusion. Nonetheless, a court may dismiss an action *sua sponte* if it is on notice that the issue presented has previously been adjudicated. *See U.S. v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir.2009) (citing *Arizona v. California*, 530 U.S. 392, 412, (2000)). Thus, we shall determine whether Mickman's UTPCPL and Civil RICO claims are precluded because the facts supporting them have been decided against her in the underlying action.

In the interest of judicial economy, a party cannot relitigate an issue that has already been resolved in a court of competent jurisdiction. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Here, the state court judgment determined the validity of the debt.

Throughout her third amended complaint, Mickman refers to the state court proceedings and challenges the validity of the debt. The basis of her claims is that the debt was invalid because it was "too old." Mickman alleges the defendants violated the UTPCPL when PPC sent her a letter demanding payment of an invalid debt and threatening a lawsuit; PPC filed the collection lawsuit outside the jurisdiction where she lived; PPC and W & W misrepresented their relationship to the state court judge; and PPC

operated unregulated.[32] According to Mickman, these are violations of the FDCPA and show that the debt was fraudulent.

Mickman also claims the defendants violated the Civil RICO statute in their efforts to collect an unlawful debt. She accuses the defendants of the following violations: suing her for debt that was time-barred or otherwise fraudulent; conspiring to secure a judgment by deceiving a state-court judge; giving false and misleading testimony; using victim-blaming tactics to win a jury trial; operating an unregulated business; and proffering a sham assignment agreement as legitimate.[33] These allegations are premised on her core contention that the debt was invalid, rendering efforts to collect it illegal.

Federal courts must apply the law of preclusion of the state in which the judgment was rendered. 28 U.S.C. § 1738, *ADP, LLC v. Rafferty*, 923 F.3d 113, 124 n.10 (3d Cir. 2019). Under Pennsylvania law, the doctrine of issue preclusion applies where: (1) the issue decided in a prior case is identical to the issue presented in a later case; (2) there was a final judgment on the merits in the prior case; (3) the party against whom the doctrine is asserted was a party to or is in privity with a party to the prior case; (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior case; and (5) resolution of the issue in the prior proceeding was essential to the judgment.[34] *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 379 (Pa. 2021).

---

[32] Third Am. Compl. ¶¶ 11, 16, 21, 24.

[33] *Id.* ¶¶ 10, 11, 15, 26, 34, 52.

[34] When applying issue preclusion, all Pennsylvania courts analyze factors one through four, and some Pennsylvania courts require the fifth factor. *Id.* ("In some renditions, courts add a fifth element, namely, that resolution of the issue in the prior proceeding was essential to the judgment.") (citing, e.g., *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50-51 (Pa. 2005).

The elements of issue preclusion are satisfied. Central to Mickman's UTPCPL and Civil RICO claims is the validity of the debt. The validity of the debt has already been adjudicated. In December 2018, a jury determined that Mickman owed the debt. Judgment was entered in favor of PPC and against Mickman. The validity of the debt was essential to the judgment. Mickman had a full and fair opportunity to litigate the validity of the debt. She challenged it in state court. She did not appeal the judgment. She cannot relitigate the validity of the debt. Thus, the UTPCPL and the RICO claims cannot survive to the extent they rest upon a contention that the debt is illegal.

**Conclusion**

We shall dismiss Count I (UTPCPL) and Count V (Civil RICO) on the bases of the statute of limitations, failure to state a claim, and collateral estoppel. We shall dismiss Counts II (mail fraud), III (scheme or artifice to defraud), and IV (attempt and conspiracy) because the statutes upon which Mickman relies do not provide a private cause of action. We shall dismiss Count IV (42 U.S. § 1985) as untimely and for failure to state a claim.

Despite several opportunities, Mickman has failed to assert a single, coherent, particularized and plausible cause of action. Her latest amended complaint is nearly identical to her previous ones, with only insignificant and irrelevant changes to the allegations, none of which support the elements of her asserted claims. Moreover, an amendment could not overcome the time-barred claims.

Mickman will not be permitted to file a fourth amended complaint because it would be futile. *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) (explaining that leave to amend should be refused "only on the grounds of bad faith, undue delay, prejudice, or futility."). An amendment would be futile if it would still fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d

Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *see also* 3 Moore's Federal Practice ¶ 15.08[4], at 15–80 (2d ed.1993)).